No. 3338.

(Court of Appeal, Parish of Orleans.)

## THE ROSETTA GRAVEL CO. vs. MRS. J, W. DICKENSON.

1. A protest against the paving of a street is effective only in cases arising under Act 113 of 1886 providing for paving initiated by the petition of one-fourth of the owners, which must, under the law be denied by the Council, if opposed by the majority of the owners affected.

2. Such a protest is without effect when the work is ordered by the Council of its own volition, in accordance with the discretion vested in that body by Act 119 of 1886.

3. Courts will take judicial notice of the signatures of public officers and will receive their certificates as *prima facie* proof. The reason for this rule rests on sound principles of public convenience.

Appeal from Civil District Court, Division A.

Farrar, Jonas and Kruttschnitt, Dufour and Dufour, Plaintiffs and Appellees.

B. R. Forman, Defendant and Appellant.

DUFOUR, J. The defendant resists the payment of a paving claim on the grounds:

1st. That a majority of the property owners concerned made a timely protest against the work before the passage of the ordinance providing for it, and hence their burden falls.

2nd. That the signatures of the officers signing the certificate are not proved.

3rd. Other defences, timeworn and repeatedly overruled, which require neither special mention nor consideration.

I.

Such a protest can be effective only in cases arising under Act 113 of 1886 providing for paving initiated by the petition of one fourth of the owners. which must, under the law be denied by the Council, if opposed by a majority of the owners affected. It is, however without effect when, as in this case, the work is ordered by the Council of its own volition, in accordance with the discretion vested in that body by Act 119 of 1886. 104 La. 730.

111

In ruling on the objection to the admissibility of the certificate without previous proof of the signature, the District Judge said:

"I have had occasion to consider the question as to whether or not the Court ought to take judicial cognizance of the City Officers, the leading City Officers provided by law, and, while there is a difference of opinion regarding it, I overrule the objection as to the signatures and will receive the paper."

We incline to the same view.

Although the certificates of the State Auditor, of the City Engineer, Comptroller, Treasurer, and of other heads of department have for years been constantly offered as prima facie proof in all our Courts, we neither know of, nor have we been referred to, any decision in which the Supreme Court has either said or intimated that such offer was improperly received.

The reason for admitting such proof is based on sound principles of public convenience.

It is not difficult for a litigant suspecting a forgery to investigate the matter in the public offices and the public records; but it requires public officers to be in constant attendance on the Courts to prove their signatures would be detrimental to the proper discharge of official obligations. and would seriously affect the public interests.

Thus, the Supreme Court has taken judicial notice of the signatures of the Clerk of the Land office, of Constables and Deputy Sheriffs, Justices of the Peace, City Court Judge of New Orleans, Clerks of Court, Parish Recorders and Tax Collectors.

19 La. 510; 14 La. 149; 16 A. 113, 440, Hen. Dig. Ed. 1.
The defense fails.

Judgment affirmed.

Filed February 8th, 1904.

Rehearing refused.